**Cleo L. MOORE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–195–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 5, 1984.

Peter Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

OPINION

FENDER, Chief Justice.

Cleo L. Moore appealed his conviction of rape in which punishment was assessed at imprisonment in the Texas Department of Corrections for a period of fifteen years. On original submission to this Court, we

reversed and remanded the cause for new trial. We held that the trial court abused its discretion by proceeding with the trial without the presence of Moore at trial since there was nothing in the record "to show *at the time the court ruled* that Moore's absence was voluntary." *Moore v. State*, 656 S.W.2d 206 (Tex.App.—Fort Worth 1983). On the State's petition for discretionary review, the Court of Criminal Appeals reversed our decision and remanded the cause to our Court for consideration of Moore's other grounds of error. *Moore v. State*, 670 S.W.2d 259 (Tex.Crim.App.1984). The Court of Criminal Appeals held that appellate review is not limited to what was before the trial court at the time of its ruling, but also includes evidence presented at the motion for mistrial or motion for new trial and found that Moore offered no evidence at the hearing on his motion for new trial to indicate that his absence was anything but voluntary. We must now consider Moore's other grounds of error numbers two through four.

Complainant had recently moved into an apartment in Fort Worth and wanted to have her own light fixture installed in the dining area of her apartment. She made arrangements with Moore, the maintenance-man for the apartments, to install the fixture on the following Tuesday morning. Complainant was not home on Tuesday so the fixture was not installed that day; however, Moore arrived unexpectedly at complainant's apartment about 9 o'clock a.m. on Wednesday with a ladder and tool bag ready to install the fixture. Complainant was dressing to go to work and was wearing only a bathrobe when she answered Moore's knock at the door. She allowed Moore into her apartment and he began installing the new fixture. Moore asked complainant to assist him by holding up the old fixture as he disconnected it and the new fixture as he connected it. After completing the installation of the new fixture, Moore asked for a cup of coffee, but complainant, who was already late for work, told him that she did not have any coffee and that she had to get ready to go to work. Moore then asked her to have lunch

with him sometime. She declined and started to the front door to let him out. Moore grabbed her hand, pulled her toward him, tried to kiss her, and grabbed her breast.

Moore started pushing her down the hall toward the bedroom. Complainant tried to turn around and reach the front door, but Moore shoved her into the bathroom and locked the door behind him. Moore threw complainant to the floor causing her to strike her head against the wall, stunning her. Moore pulled open complainant's robe, unzipped his trousers and penetrated her. Complainant managed to kick Moore off of her and he ejaculated on her stomach and inner thigh. Moore ran out of the bathroom and sat down at the kitchen table. Complainant heard Moore in the kitchen. She pulled her robe around her body and looked down the hall to the kitchen. When Moore saw her he started apologizing. Complainant, who was on the verge of hysterics, asked Moore to leave and he ran out the door. Complainant locked and chained the door, took a shower, and called her boyfriend. While on the telephone, she heard a knock at her door. Complainant laid the telephone down and went to the door. Complainant looked through the peephole and saw a woman standing at the door. She assumed it was the manager who had heard something and had come to help. Complainant opened the door but left the chain fastened. The woman appeared anxious and inquisitive and she wanted to know what happened. This occurred less than five minutes after the rape. The woman called complainant's name and asked if she was okay. She identified herself as the apartment manager. Complainant let the woman in and started crying hysterically. The woman asked, "Did he rape you, Honey? Did he rape you?" and put her arms around the complainant. Complainant motioned to the woman that her boyfriend was on the telephone. The woman picked up the telephone and told complainant's boyfriend that she was the apartment manager, and that she would try to calm the complainant

down. While the boyfriend was still on the telephone, the woman took the complainant to the bedroom, sat complainant on the bed and tried to comfort her. She asked complainant: "Did he actually rape you? .... Just calm down ... Honey, I've got to know because, you see, I'm his wife." Complainant became more hysterical. While the woman was talking to the complainant, complainant heard a knock at her door and someone come into her apartment. The woman went to see who it was. Complainant heard the woman talking to Moore. The woman came back to the bedroom and tried to calm complainant. Moore followed the woman to the doorway of the bedroom and again attempted to apologize to complainant and then ran out of the apartment. Complainant went to the telephone and talked to her boyfriend, who arrived at the apartment about ten minutes later and called the police. Complainant was then taken to the hospital and examined. The results of the rape examination revealed the presence of seminal fluid.

■ In his third ground of error, Moore contends that the evidence is insufficient to support the verdict. Moore argues that because there is no evidence of physical injury or spoiling or disarray of complainant's garments, the evidence shows an "over persuasion and yielding rather than forcible violation of person" of complainant. We find no merit to this contention. The evidence shows that Moore forced complainant down the hall, and into the bathroom, threw her to the floor causing her to strike her head against the wall and that complainant struggled with Moore and managed to kick him off of her as he ejaculated. There is no evidence that complainant consented to have sexual relations with Moore. Moore's third ground of error is overruled.

■ In his second ground of error, Moore contends that the trial court committed reversible error by allowing the complainant to testify about statements made by Moore's wife shortly after the alleged rape. The record reflects that Moore ob-jected to the testimony when first elicited from complainant on the grounds that it was inadmissible hearsay; however, the same testimony was elicited from complainant later in the trial without objection from defense counsel. It is well settled that error in the admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time the allegedly inadmissible evidence is offered. *Brown v. State,* 640 S.W.2d 275, 280 (Tex.Crim.App. 1982); *Brasfield v. State,* 600 S.W.2d 288, 296 (Tex.Crim.App.1980); *Boles v. State,* 598 S.W.2d 274, 279–80 (Tex.Crim.App. 1980). Consequently, any error in the admission of the testimony was waived. Moore's second ground of error is overruled.

In a fourth ground of error, Moore complains of the trial court's refusal to charge the jury on the lesser included offense of simple assault. Prior to submission of the court's charge to the jury, Moore requested a jury charge on the lesser included offense of simple assault which the trial court denied. (The charge did include a charge on the lesser included offense of attempted rape.) Moore contends that he was entitled to a charge on the lesser offense of simple assault because the evidence adduced at trial shows that complainant was not sure if penetration had occurred and that she was merely grabbed by Moore and found that contact offensive. We do not agree with Moore's assessment of the evidence produced at trial nor his contention that he was entitled to a charge on the offense of simple assault.

■ In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty at all, he is guilty of the lesser included offense. *Hunter v. State,* 647 S.W.2d 657, 658 (Tex.Crim.App.1983); *Salinas v. State,* 644 S.W.2d 744, 745 (Tex. Crim.App.1983).

In the case at bar, the second prong is not met. The evidence simply does not show that Moore, if guilty at all, is guilty of the lesser included offense of simple assault. The evidence reflects that, during the physical examination of complainant after the attack, the examining physician asked complainant whether "the [attacker's] penis had penetrated her vulva" and complainant answered that she was not sure. At trial, complainant testified unequivocally that Moore did penetrate her during the attack. She explained that she did not understand the doctor's question and did not know how to answer because although Moore had penetrated her, he had actually ejaculated on her inner thigh and stomach. When the doctor saw that she was having trouble he said "well, hey, I will put, not sure, and, you know, you can cover that with someone else." We do not find the evidence raises the issue of simple assault. The trial court charged the jury on the lesser included offense of attempted rape, but properly refused to charge on the lesser included offense of simple assault.

Moore's fourth ground of error is overruled.

Having considered and overruled all of Moore's grounds of error, the judgment of the trial court is affirmed.