Albert MACIAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-88-00564-CR.

Court of Appeals of Texas,
San Antonio.

July 26, 1989.
Discretionary Review Refused
Nov. 22, 1989.

Jacquelyn L. Snyder, San Antonio, for appellant.

Fred G. Rodriguez, Wendelyn Rush, Juan Chavaria, Laurie Booras, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BIERY, Justice.

Albert Macias, appellant, was indicted for the offense of aggravated sexual assault. A jury trial resulted in a finding of guilty and assessment of punishment of forty-five years in the Texas Department of Corrections.

In six points of error, appellant contends that the trial court abused its discretion in finding the five-year-old complainant competent to testify, asserts that the trial court committed reversible error in admitting certain evidence and challenges the sufficiency of the evidence to support a conviction. We affirm the judgment of the trial court.

■ In his first point of error, appellant contends that the trial court abused its discretion in ruling that the five-year-old complainant was competent to testify because she could not adequately relate testimony concerning the alleged incident and because she could not understand the obligation of an oath. Under prior law, these two requirements were combined as a part of the statutory definition of competency to testify. *See* TEX.CODE CRIM.PROC. ANN. art. 38.06(2) (Vernon 1979) (repealed 1986). According to the Texas Rules of Criminal Evidence, the language requiring that children understand the obligation of an oath is eliminated. TEX.R.CRIM.EVID. 603. Rule 603 of the Texas Rules of Criminal Evidence requires a witness to declare that she will testify truthfully, by oath or affirmation, administered in a form calculated to awaken her conscience and impress her mind with her duty to do so.

■ At trial, the basis of appellant's objection was that the five-year-old complainant did not remember events of 1986, not that she lacked sufficient present intellect or verbal ability. Appellant's contention on appeal is limited to the theory asserted in his trial objection. *Logan v. State*, 720 S.W.2d 669, 672 (Tex.App.—San Antonio 1986, no pet.); *Johnson v. State*, 651 S.W.2d 303, 311 (Tex.App.—San Antonio 1983, no pet.).

The record reflects that the complainant answered questions coherently. She stated her name and age and the names of her school and her teacher. She could count to ten and identify body parts on a doll. She described herself as a "little baby" at age four. She identified the appellant. She used an anatomically correct doll to describe how appellant had touched her. She was able to relate that this event happened "a long time ago" as opposed to "yesterday."

The answers to the questions relied on by appellant to support this point of error show only that the complainant had difficulty placing events in a time frame, not that she was unable to remember the events. For example, she remembered the presents she received the last Christmas in

spite of her answer that she could not remember last Christmas. This difficulty is consistent with the testimony of Dr. Robert Cortner that children have a different concept of time.

 The ruling of the trial court that the complainant possessed sufficient intellect to testify will not be disturbed on appeal unless the court abused its discretion. *Kirchner v. State*, 739 S.W.2d 85, 88 (Tex. App.—San Antonio 1987, no pet.). Merely because a child's answers are conflicting and show confusion does not mean that the child is an incompetent witness. *Id.*[1] From a review of the child complainant's testimony, we are not persuaded that the trial judge abused his discretion in ruling that the complainant was competent to testify.

Rule 603 of the Texas Rules of Criminal Evidence requires that every witness will testify truthfully, by oath or affirmation, administered in a form calculated to awaken her conscience and impress her mind with the duty to do so. This five-year-old witness demonstrated that she could distinguish between the truth and a lie as follows:

PROSECUTOR: Thank you. Now, R——, do you know the difference between the truth and telling a lie?

WITNESS: (No audible response.)

PROSECUTOR: Okay. Let me ask you this way. If I tell you that I have on a black jacket, is that the truth or a lie?

WITNESS: A lie.

PROSECUTOR: Okay. And if I tell you that the judge, that man sitting right there, has on a white robe, is that the truth—

WITNESS: (Nods negative.)

PROSECUTOR: —or a lie? What color does he have on?

WITNESS: Black.

PROSECUTOR: Okay. Now, if I tell you that this wall right here is pink, is that the truth or a lie?

WITNESS: A lie.

PROSECUTOR: Okay. And if I tell you that her sweater is purple, is that the truth or a lie?

WITNESS: True.

She testified similarly before the jury:

PROSECUTOR: Okay. Do you know the difference between telling the truth and telling a lie, R——?

WITNESS: No.

PROSECUTOR: Okay. Let me ask you this: If I tell you that I have on a black jacket, is that the truth?

WITNESS: No.

PROSECUTOR: Okay. What is that?

WITNESS: A lie.

PROSECUTOR: Okay. If I tell you that lady there has on a purple sweater, is that the truth or a lie?

WITNESS: Yes.

PROSECUTOR: What is that, the truth?

WITNESS: The truth.[2]

The trial court examined the child as follows, out of the presence of the jury, before her testimony:

THE COURT: Are you going to tell any lies if you get a chance to talk to these people or are you going to tell them a lie?

MS. G——: (Nods negative.)

THE COURT: Can you say yes or no for me? Are you going to tell these people any lies?

MS. G——: No.

THE COURT: Okay. Do you get in trouble if you tell a lie?

MS. G——: Yes.

THE COURT: So you are not going to tell any lies to these people who come in here, is that right? Do you promise not to tell them any lies? Can you say yes or no?

MS. G——: Yes.

THE COURT: Okay. Do you promise you are not going to tell any lies? Can you say it loud so your daddy can hear you all the way out there?

---

1. You ought to see some of the answers that adults give. *See, e.g.,* Buchmeyer, *"Et Cetera,"* TEX.B.J. (various issues).

2. It would be preferable if the record reflected that, for example, the prosecutor did or did not have on a black jacket.

MS. G——: Yes.

The child complainant demonstrated an ability to distinguish between the truth and a lie. The questions asked by the judge were sufficient to impress the complainant with her duty to be truthful, and her answers to the questions were the equivalent of an oath by affirmation. *Gonzales v. State*, 748 S.W.2d 510, 512 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). The requirements of Rule 603 were satisfied. Appellant's first point of error is overruled.

■ In his second point of error, appellant urges that the trial court erred in admitting evidence of an extraneous offense. Dr. Richard Wayne testified that the complainant's mother had brought her in for examination, reporting that she had seen blood and semen on the complainant's pants and that appellant had spread the child's legs and taken her to the bathroom often. The physical examination revealed that the complainant's vagina was within normal limits except somewhat reddened and irritated with a whitish discharge. A culture of the discharge was normal. Dr. Wayne testified that this was consistent with digital penetration as opposed to penile penetration.

■ Appellant objected only to the admission of Dr. Wayne's report, not to his testimony. Therefore, any error in the admission of the report was cured, because the information in the report came in through unobjected to testimony by the witness. *Moore v. State*, 675 S.W.2d 348, 350 (Tex.App.—Fort Worth 1984, pet. ref'd). Even assuming that the error was properly preserved, we find that the evidence is admissible.

The general rule is that an accused may not be tried for some collateral crime or for being a criminal generally. *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App. 1983). An extraneous offense may be admissible, however, upon a showing that the transaction is relevant to a material issue in the case and that the relevancy value of the evidence outweighs its inflammatory or prejudicial effect. *Id.* In a sexual assault case, if the defendant denies the act or relationship or undermines the State's case, then extraneous acts between the complainant and the defendant are admissible, as long as the probative value of such evidence outweighs any prejudicial effect. *Boutwell v. State*, 719 S.W.2d 164, 179 (Tex.Crim.App.1985).

In this case, the complainant had difficulty testifying due to her young age. Appellant impeached her on cross-examination by establishing that her memory was poor as to events prior to the time she was four. The alleged offense occurred when the complainant was three years old. The evidence of an extraneous offense between the appellant and the complainant was admissible. *Id.; see Offor v. State*, 749 S.W.2d 946, 952 (Tex.App.—Austin 1988, pet. ref'd, untimely filed); *Meyers v. State*, 737 S.W.2d 6, 9 (Tex.App.—Corpus Christi 1987, no pet.); *Smith v. State*, 719 S.W.2d 402, 403 (Tex.App.—Houston [1st Dist.] 1986, no pet.).

■ Further, the complainant's mother testified on behalf of the defense that a Department of Human Resources employee, Mr. Flanagan, made her report false allegations of child abuse. The extraneous offense occurred before Mr. Flanagan became involved in the case; therefore, it was admissible to rebut the defensive theory that charges of sexual abuse were false and instigated only at the insistence of Mr. Flanagan. *See Williams v. State*, 732 S.W.2d 762, 764 (Tex.App.—Beaumont 1987, no pet.). Finally, if the extraneous offense had been improperly admitted during the State's case-in-chief, the subsequently admitted defense evidence renders this error harmless since the evidence would have properly been admitted as rebuttal. *Siqueiros v. State*, 685 S.W.2d 68, 71 (Tex.Crim.App.1985). The second point of error is overruled.

■ Appellant's third point of error asserts that the sexual assault examination form containing a hearsay statement by the child's parent should not have been admitted into evidence. Specifically, appellant complains of a sentence on page 3 of the form, admitted as State's Exhibit No. 1: "Mom states that child was a victim of

abuse by stepfather [appellant] for past two years." Appellant objected only on the basis of hearsay and relies on *Hassell v. State*, 607 S.W.2d 529, 531 (Tex.Crim.App. 1980) for the proposition that this sentence is a description of an external event that. caused the injury. *Hassell* was decided prior to the adoption of the Texas Rules of Criminal Evidence. Rule 803(4) of the Texas Rules of Criminal Evidence explicitly includes statements of the "inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." This rule is identical to the FED.R.EVID. 803(4), which has been interpreted to allow a physician to testify to a child's statements relevant to the external event causing an injury. *United States v. Nick*, 604 F.2d 1199, 1202 (9th Cir.1979). *See also United States v. Renville*, 779 F.2d 430, 438 (8th Cir.1985); *State v. Robinson*, 153 Ariz. 191, 735 P.2d 801, 810 (1987); *State v. Hebert*, 480 A.2d 742 (Me.1984).

Moreover, the record reflects that the same form was read into the record by a subsequent witness without objection. Since the same information to which an objection was made was later admitted without objection, nothing is presented for review. *Mutscher v. State*, 514 S.W.2d 905, 919 (Tex.Crim.App.1974). Appellant's third point of error is overruled.

In point of error number four, appellant claims that the court failed to excise certain evidence from State's Exhibit No. 1. The record, however, to which appellant refers concerns admission of State's Exhibit No. 3, an exhibit which was not subject to an order of excision. State's Exhibit No. 1 was admitted into evidence on the condition that a sentence be excluded. The record does not reflect the substance of the excluded sentence. An examination of State's Exhibit No. 1 reveals a blank area in the middle of handwriting on page 3 of the exhibit, the page to which defense counsel objected. Further, the record contains no objection to the submission of any exhibit to the jury on the basis that it contained a sentence which was ordered to be excised. *See Salazar v. State*, 494

S.W.2d 548, 549 (Tex.Crim.App.1973). Point of error number four is overruled.

■ In his fifth point of error, appellant urges that the trial court erred in admitting a psychologist's report which contained hearsay statements. We interpret this point of error to be referring to State's Exhibit No. 3. This report was qualified as a business record. The statements complained of by appellant are that the child told the psychologist that appellant had sexually abused her by putting his fingers .into her vaginal area. These were made for the purpose of medical diagnosis and treatment. Thus, these statements were admissible under TEX.R.CRIM.EVID. 803(4). Further, while objection was made to the report, no objection was made to the testimony of the psychologist concerning the same information. The subsequent admission of the same evidence renders admission of the hearsay harmless, and nothing is presented for review. *Mutscher*, 514 S.W.2d at 919; *Ashcraft v. State*, 155 Tex. Crim. 1, 229 S.W.2d 813, 814 (1950); *Moore*, 675 S.W.2d at 350. The fifth point of error is overruled.

■ In reviewing the sufficiency of the evidence, the basis for the sixth point of error, the reviewing court must consider all evidence, whether properly or improperly admitted. *Beltran v. State*, 728 S.W.2d 382, 389 (Tex.Crim.App.1987). We have found none of the evidence to have been improperly admitted; however, even if evidence were improperly admitted, such error would be trial error and the proper remedy would be to remand for a new trial rather than entry of a judgment of acquittal as contended by appellant herein.

We find the evidence to be sufficient to support the verdict of the jury and the judgment of the trial court. Point of error six is overruled.

The judgment of the trial court is affirmed.