Est of Balster, Dec v. Johnston 






 DISMISSED 
 MAY 3, 1990 

NO. 10-90-066-CV
Trial Court
# 21,434-A
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

WAYNE MILLS,
   Appellant
v.

FLOYD B. (SONNY) MOORE, ET AL,
   Appellees

* * * * * * * * * * * * *

                 From 77th Judicial District Court
                      Limestone County, Texas

* * * * * * * * * * * * *

MEMORANDUM OPINION

* * * * * * *
This appeal was perfected from a judgment signed December 20,
1989. By joint motion, Appellant and Appellees state that none of
the parties wish to pursue the appeal. Appellant requests
dismissal of the appeal.
The motion is granted. The appeal is dismissed.
PER CURIAM
DO NOT PUBLISH



tStyle
{
 visibility: hidden;
 position: absolute;
 left: 10px;
 right: 10px;
 background-color: rgb(255, 255, 225);
 border-width: 1px;
 border-style: solid;
 border-color: black;
 margin-top: 25px;
 padding: 6px;
 line-height: normal
}

span.WPNormal
{
 font-family: "Univers", sans-serif;
 font-size: 10pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Univers", sans-serif;
 font-size: 10pt;
 font-weight: normal;
 font-style: normal
}














IN THE
TENTH COURT OF APPEALS
 

No. 10-97-145-CR

     LEONARD BRAZIER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 95-806-C
                                                                                                    

O P I N I O N
                                                                                                    

      Leonard Brazier, appellant, was convicted by a jury of aggravated sexual assault and 
sentenced to life imprisonment in the Institutional Division of the Texas Department of Criminal
Justice. See Tex. Pen. Code Ann. § 22.021 (Vernon 1994 & Supp. 1997). A fine of $10,000
was also imposed by the jury. See Tex. Pen. Code Ann. § 12.32(b) (Vernon 1994). Brazier
brings two points of error, claiming the trial court erred in: (1) granting, on the State’s motion,
challenges for cause during a conference in the judge’s chambers when Brazier was not present,
and (2) finding the child victim, who was six years-old at the time of trial, competent to testify in
court.
I. Factual Background
      On September 20, 1995, L.L.,


 a five year-old child, was sexually assaulted. The State
sought to prove at trial that Brazier had taken L.L. from her mother’s apartment, through L.L.’s 
bedroom window, to his apartment next-door where he committed the sexual assault. In addition
to L.L.’s testimony, the State presented evidence that Brazier was seen prying a screen off one of
the windows in L.L.’s apartment and that Brazier had asked a neighbor to tell the police he had
been at her home all night, when this was untrue. Police officers also testified that a VCR and
other property missing from L.L.’s apartment were found in Brazier’s apartment. Finally, the
State presented DNA evidence which showed Brazier’s DNA was consistent with the DNA found
in sperm samples taken from L.L.’s body and underwear. 
II. Points of Error
      In his first point of error, Brazier asserts that his right to be present during the voir dire of
the jury panel was violated because he was absent from the judge’s chambers when the court
granted challenges for cause on the State’s motion. See Tex. Code Crim. Proc. Ann. art. 33.03
(Vernon 1989); Lawton v. State, 913 S.W.2d 542, 549 (Tex. Crim. App. 1995), cert. denied, —
U.S. —, 117 S.Ct. 88 (1996). During the voir dire of the jury panel the State asked to approach
the bench, apparently to make several challenges for cause; however, instead of holding a
conference at the bench, the trial judge had counsel for both the State and the defendant come into
his chambers where he heard the State’s challenges for cause. The defendant, Brazier, was not
present in the judge’s chambers and his lawyer did not request that Brazier be allowed to attend
the conference. While in chambers the State moved that seven prospective jurors be struck for
cause and defense counsel stated that he agreed or had “no problem” with the State’s challenges. 
Jurors 15, 17, 20, and 26 were struck because they believed the defendant’s failure to testify
would affect their decision in the case. Jurors 25 and 31 were excused because they could not
convict upon the testimony of one eyewitness. Juror 22 was excused because she knew one of the
defense lawyers and felt this would make her more likely to believe that lawyer’s statements. 
After the trial judge granted the State’s challenges for cause, Brazier was brought into the judge’s
chambers so he would be present during individual interviews with several other prospective
jurors. On appeal Brazier contends that the court erred by excusing three of the prospective
jurors, numbers 22, 25, and 31, for cause because he was not present in chambers when the court
granted the State’s challenges.
      The Code of Criminal Procedure requires the defendant be present “during all voir dire
proceedings.” Lawton, 913 S.W.2d at 549; see Tex. Code Crim. Proc. Ann. art. 33.03. This
right to be present for jury selection is fundamental and may not be waived by the defendant or
his attorney. Miller v. State, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985); see Adanandus v.
State, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993); cf. Weber v. State, 829 S.W.2d 394, 396
(Tex. App.—Beaumont 1992, no pet.) (attorney may not waive the defendant’s right to be present
for voir dire, but a waiver may be personally made by the accused). Thus, we must determine if
the granting of a challenge for cause is a part of the voir dire proceedings during which the
defendant must be present under article 33.03. 
      Article 33.03 violations occur when the defendant misses all or part of jury selection. See
Bath v. State, No. 13-94-460-CR, slip op. at 22 (Tex. App.—Corpus Christi May 22, 1997, pet.
filed) (article 33.03 was violated when the defendant was not present while the court was
qualifying prospective jurors and determining if the jurors were exempt from serving on the jury);
Bledsoe v. State, 936 S.W.2d 350, 351 (Tex. App.—El Paso 1996, no pet.) (reversible error for
the defendant to miss all of voir dire); Weber, 829 S.W.2d at 396 (court erred in hearing excuses
from the prospective jurors when defendant was absent); but see Chambers v. State, 903 S.W.2d
21, 30 (Tex. Crim. App. 1995) (no error occurs if the defendant is not present when prospective
jurors are excused from the “general assembly” before the jurors are assigned to a particular case);
Adanandus, 866 S.W.2d at 217 (no error when the defendant is allowed to re-examine
veniremembers originally questioned in his absence). In deciding whether the granting of a
challenge for cause is a part of voir dire, we must consider the Court of Criminal Appeals’ holding
in Lawton v. State, 913 S.W.2d at 548-49. In Lawton, the Court held that a defendant’s right to
be present during voir dire was not violated by the judge conducting an in camera meeting with
counsel for both the State and defendant to discuss a telephone call made from the county jail to
a veniremember. Id. During the meeting with the judge, counsel for the State and defense agreed
that the veniremember should be excused from jury service for “the integrity of the jury system.” 
In finding that it was not error to hold a meeting which excluded the defendant, the Court of
Criminal Appeals held that the conference could not be considered part of voir dire because the
veniremember was not questioned by the lawyers and because she was not dismissed by a
challenge for cause or peremptory challenge but by an agreement between both lawyers for the
good of the jury system. Id. at 549. 
      After considering the unusual circumstances that arose in Lawton which led the Court of
Criminal Appeals to hold that the excusal of a prospective juror was not part of voir dire, we have
concluded that the trial court’s rulings on challenges for cause are a traditional part of voir dire
and the defendant has the right to be present during this voir dire proceeding. Therefore, in the
instant case, error occurred when Brazier was not present in chambers when the State’s challenges
for cause were granted. While Brazier’s lawyer did not object to the court’s granting the State’s
challenges for cause, the granting or denial of a challenge for cause is often contested and is
typically part of an adversarial voir dire proceeding. Cf. Lawton, 913 S.W.2d at 549. Moreover,
the Court of Criminal Appeals emphasized in Lawton that the veniremember was not dismissed
as the result of a challenge for cause or a peremptory challenge, but in Brazier’s case seven
members of the venire were dismissed for cause. Clearly, the granting of the State’s challenges
for cause, in the case at bar, does not involve any of the unusual circumstances which arose in
Lawton and caused the judge and the lawyers to need an in camera meeting to confer to “develop
a strategy to deal with the problem.” Id. Consequently, we hold that the trial court’s granting the
State’s challenges for cause is part of voir dire, and article 33.03 is violated when the court rules
on these challenges without the defendant being present. 
      Having found a violation of article 33.03, we must determine whether Brazier was harmed
by this error. When the defendant has erroneously been excluded from court proceedings the
appellate court must examine what effect the defendant’s absence had on his ability to defend
himself at trial. Plunkett v. State, 883 S.W.2d 349, 355-56 (Tex. App.—Waco 1994, pet. ref’d). 
The proper test to measure the harm caused by a violation of article 33.03 is whether the
defendant’s presence bore a “reasonably substantial relationship to the opportunity to defend.” 
Cooper v. State, 631 S.W.2d 508, 512 (Tex. Crim. App. 1982) (quoting Mares v. State, 571
S.W.2d 303, 307 (Tex. Crim. App. 1978)); see Adanandus, 866 S.W.2d at 219; Bledsoe, 936
S.W.2d at 351. The “reasonably substantial relationship” test is applied by appellate courts
reviewing what assistance the defendant could have contributed to the proceeding, had he
personally been present, which would have furthered his defense at trial. Bledsoe, 936 S.W.2d
at 351. 
      In addition to the “reasonably substantial relationship” test for harm, we must also determine
whether the error is harmful or harmless under Tex. R. App. P. 44.2(a) (formerly Rule 81(b)(2)). 
See Adanandus, 866 S.W.2d at 220; Plunkett, 883 S.W.2d at 356. The focus of Rule 44.2(a)
differs from the “reasonably substantial relationship” test as it looks at whether the defendant’s
absence impacted the “outcome of the trial or punishment proceeding” rather than the impact on
the defendant’s opportunity to present his defense at trial. Adanandus, 866 S.W.2d at 220. 
      After considering the record in this case, we do not find that Brazier was harmed as a result
of his being absent when the trial judge ruled on the State’s challenges for cause. Brazier had been
present in the courtroom during the actual questioning of the jury panel where he had the
opportunity to observe the prospective jurors and confer with his lawyer. The only portion of voir
dire Brazier missed was the trial judge’s rulings on the State’s challenges for cause, and there is
no evidence Brazier had any additional information or evidence which would have affected the trial
judge’s rulings. Brazier was represented by counsel during the in-chambers conference and his
lawyer did not object to the State’s challenges. Consequently, because we do not believe that
Brazier’s absence at the conference affected the trial judge’s rulings in any way, we conclude that
Brazier’s absence at the meeting did not bear a reasonably substantial relationship to his
opportunity to defend himself at trial. Additionally, it is apparent that any error in not including
Brazier in the conference was harmless beyond a reasonable doubt as it did not contribute to
Brazier’s conviction or punishment. See Tex. R. App. P. 44.2(a). Brazier’s first point is
overruled.
      In his second point, Brazier complains that the trial court abused its discretion by finding
L.L., the six year-old victim of the sexual assault, competent to testify in court. Before examining
the merits of this point, we must first decide whether Brazier’s complaint is preserved for appellate
review. Before opening statements were made at trial, Brazier’s attorney requested, outside the
presence of the jury, the judge make a ruling on whether L.L. was competent to testify. L.L. was
then questioned by the prosecutor and found competent to testify by the trial judge. Brazier’s
attorney made no further objections regarding L.L.’s competence to testify during the remainder
of the trial. 
      The El Paso Court of Appeals has held that error is not preserved for appellate review when
the defendant simply requests the court conduct a hearing to determine if a child is competent to
testify but “expresse[s] no complaint or objection to the trial court’s finding.” Cooney v. State,
803 S.W.2d 422, 423 (Tex. App.—El Paso 1991, pet. ref’d). However, while we agree with the
El Paso court that no specific objection was ever made to the child’s testimony, we believe
Brazier’s request for a ruling from the judge on the child’s competency was sufficient to make the
trial judge aware of his complaint that the child was incompetent to testify at trial, and the trial
judge’s finding of competence overruled Brazier’s complaint. See Tex. R. App. P. 33.1(a)(1)(A). 
If we were to follow the reasoning articulated in Cooney, this would require, to preserve error,
defense counsel objecting that the witness is incompetent to testify immediately after the trial judge
has conducted a hearing and ruled the witness competent. We conclude, therefore, that the
defendant’s request for a judicial determination of competence is sufficiently specific to apprise
the judge of the defendant’s complaint that the witness is incompetent. Id. 
      Rule 601 of the Rules of Criminal Evidence provides a general presumption that every person
is competent to testify but provides an exception that children may be deemed incompetent to
testify if the trial judge determines the child does not “possess sufficient intellect to relate
transactions with respect to which they are interrogated.” Tex. R. Crim. Evid. 601; see
Hollinger v. State, 911 S.W.2d 35, 38 (Tex. App.—Tyler 1995, pet. ref’d); Upton v. State, 894
S.W.2d 426, 429 (Tex. App.—Amarillo 1995, pet. ref’d). A trial judge’s rulings on the
competence of a witness to testify are reviewed under an abuse of discretion standard after the
appellate court examines all the testimony of the child at trial. Clark v. State, 558 S.W.2d 887,
890 (Tex. Crim. App. 1977); see Broussard v. State, 910 S.W.2d 952, 960 (Tex. Crim. App.
1995), cert. denied, — U.S. —, 117 S.Ct. 87 (1996); Reyna v. State, 797 S.W.2d 189, 191 (Tex.
App.—Corpus Christi 1990, no pet.). Specifically, appellate courts consider whether the child
was competent to observe the event when it happened, whether the child can recall the event, and
if the child is able to “narrate” what occurred. Hollinger, 911 S.W.2d at 38-39; Reyna, 797
S.W.2d at 191-92. The ability to narrate events includes being able to understand and respond to
questions, as well as understanding the need to tell the truth while testifying. Id. A child will not
automatically be found incompetent to testify merely because of an inconsistency in the child’s
testimony; the jury is able to consider any inconsistencies in assessing the weight and credibility
to be assigned to the child’s statements. Upton, 894 S.W.2d at 429; Macias v. State, 776 S.W.2d
255, 257 (Tex. App.—San Antonio 1989, pet. ref’d).
      After reviewing the testimony of L.L. we do not believe the trial court abused its discretion
in finding her competent to testify. L.L. demonstrated she had the ability to understand and
respond to questions when she correctly answered questions regarding her age, grade in school,
school teacher, and family members. While Brazier points out that some of L.L.’s answers had
to be prompted, after reviewing all of L.L.’s testimony it is clear that L.L. had sufficient intellect
to understand and respond to questions. Also, L.L. indicated she was able to observe and recall
the events of September 20, 1995, as she answered many specific questions regarding what
occurred before and after the sexual assault. She identified Brazier as the person who broke into
her bedroom window and carried her out. She also stated Brazier took her to his house next-door,
choked her in the hallway, and hit her in the nose with a pot.


 The inconsistencies in L.L.’s
testimony, such as her statements that Brazier’s choking her made her bottom bleed or that the
police were present when Brazier was choking her, could be considered by the jury in deciding
whether L.L.’s testimony was credible but do not render L.L. an incompetent witness. 
      L.L. also demonstrated that she understood her moral obligation to tell the truth while
testifying. See Hollinger, 911 S.W.2d at 39; Reyna, 797 S.W.2d at 192. During the competency
hearing and while testifying in court, L.L. testified that she knew it was better to tell the truth than
to lie, and she demonstrated the ability to differentiate between statements that were truthful and
those that were lies. L.L. also referred to the witness stand as the “truth chair.” Furthermore,
Brazier’s lawyer had L.L. promise to say “I don’t know” if she did not know the answer to a
question. At the conclusion of her testimony L.L. reaffirmed that she had been told by the
prosecutor to tell the truth in court and that all her testimony had been truthful. 
      Finally, Brazier asserts that the trial court erred by not administering the oath before L.L.
testified, and thus, the moral obligation to tell the truth had not been impressed upon L.L. by the
trial judge. See Tex. R. Crim. Evid. 603. However, Brazier never objected to L.L.’s testifying
without being sworn and has waived any error caused by L.L.’s not being sworn. See Beck v.
State, 719 S.W.2d 205, 212 (Tex. Crim. App. 1986); see also Tex. R. App. P. 33.1. Moreover,
other appellate courts have held children need not be sworn if they have been questioned in a way
that impresses upon them the obligation to tell the truth. See Hollinger, 911 S.W.2d at 39;
Macias; 776 S.W.2d at 258. Brazier’s second point is overruled. 
      The judgment is affirmed.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed October 22, 1997
Do not publish