Affirmed and Opinion filed November 7, 2002















Affirmed and
Opinion filed November 7, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS.
14-01-00950-CR and

   14-01-00951-CR

_______________

 

ANTHONY JAMES
ROGERS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

__________________________________________________________

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause Nos. 878,691 and
878,690

__________________________________________________________

 

O P I N I O N

            Anthony James Rogers appeals two
convictions for causing serious bodily injury to a child (“S.R.”) by striking
(cause number 01-00951, the “striking conviction”) and by failing to provide
reasonable medical care (cause number 01-00950, the “neglect conviction”)[1] on
the grounds that: (1) the evidence was legally insufficient to support his
conviction; (2) he was denied effective assistance of counsel; and (3) the
trial court erred by admitting extraneous offense and hearsay testimony over
his objection.  We affirm.

 

Sufficiency
of the Evidence

            Appellant’s first point of error in
the neglect conviction challenges the legal sufficiency of the evidence[2] to
show that he assumed care, custody, and control of S.R., as required by section
22.04 of the Texas Penal Code.[3]  In particular, appellant argues the State
presented no evidence showing: how much financial support, if any, he
contributed to S.R.’s care; whether he paid rent for
the apartment she lived in; or that he provided her medical insurance.

            The following evidence supports the
jury’s verdict that appellant assumed custody and control of S.R.  Appellant was S.R.’s
biological father.  At the time S.R. was
injured, appellant had been living in her home continuously for several
months.  Appellant was also participating
in the therapy[4]
administered by Children’s Protective Services (“CPS”) for its “intensive reunification”
of S.R. with her family following foster care. 
He was the sole breadwinner and a primary care giver for S.R. at the
time of her injury.  He was often present
when the CPS worker visited.  He knew
details about S.R.’s day-to-day life,[5] knew
about past injuries she had received, and helped care for her when she was
ill.  Appellant had also discussed with a
co-worker and S.R.’s mother the possibility of S.R.
obtaining medical coverage under his policy. 
Appellant told a CPS worker that he wanted to show S.R. that he was her
dad and threatened that, if CPS ever had to remove his children again, he would
take them to prevent it from doing so.

            Reviewing this evidence in the light
most favorable to the verdict, we conclude that a rational trier
of fact could have found from it that, by his acts, words, and course of
conduct, appellant had assumed care, custody, or control of S.R.  Accordingly, we overrule appellant’s first
point of error in the neglect conviction.

Ineffective
Assistance of Counsel

            Appellant’s first and second issues
in the striking conviction and his second and third issues in the neglect
conviction contend that he was denied effective assistance of counsel during
the guilt phase of trial in that his counsel failed to object to the admission
of: (1) hearsay testimony from S.R.’s former foster
parent, Rhonda Topping; and (2) extraneous offense evidence that appellant had
assaulted S.R.’s mother.

 








                                                        Ineffectiveness Standard

            To prevail on a claim of ineffective
assistance, an appellant must show that: (1) his counsel’s performance was
deficient, i.e., it fell below the
objective standard of professional norms; and (2) this deficient performance
prejudiced his defense, i.e., there
is a reasonable probability that, but for his counsel’s unprofessional errors,
the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687
(1984); Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002).  To
be sustained, an allegation of ineffective assistance must be firmly and
affirmatively demonstrated by the record.  Bone, 77 S.W.3d at 835.

            In reviewing ineffectiveness claims,
scrutiny of counsel’s performance must be highly deferential.  Strickland,
466 U.S. at
689.  A court must indulge, and a
defendant must overcome, a strong presumption that the challenged action might
be considered sound trial strategy under the circumstances.  Id.  Therefore, a defendant must prove by a
preponderance of the evidence that there is, in fact, no plausible professional
reason for the challenged act or omission. 
Bone, 77 S.W.3d at 836.  In addition, a fair assessment of attorney
performance requires that every effort be made to eliminate the distorting
effects of hindsight and to evaluate the conduct from counsel’s perspective at
the time.  Strickland, 466 U.S. at
689.  Thus, the presumption that an
attorney’s actions were sound trial strategy ordinarily cannot be overcome
absent evidence in the record of the attorney’s reasons for his conduct.  See Mallett v. State, 65 S.W.3d 59, 67 (Tex. Crim. App. 2001). 
Because the record in this case contains neither an affidavit nor
testimony from appellant’s trial counsel indicating his reasons for not making
these evidentiary objections, we lack a sufficient record to sustain
appellant’s ineffective assistance claims, each of which will be discussed
further below.

Outcry Testimony

            Appellant contends that his trial
counsel was ineffective in failing to object to hearsay “outcry” testimony by
Topping because Topping was not the first person over age 18 to whom S.R. made
statements concerning the offense. 
Appellant asserts that the first such statements were instead made to
Houston Police Officer Soriano.

            A failure to object to admissible
evidence is not ineffective assistance of counsel.  McFarland
v. State, 845 S.W.2d 824, 846 (Tex. Crim. App.
1992).  A statement is not inadmissible
as hearsay if, among other things, it: (1) describes the alleged offense; (2)
was made by the child against whom the offense was allegedly committed; and (3)
was made to the first person, 18 years of age or older, other than the
defendant, to whom the child made a statement about the offense.  See
Tex. Code Crim.
Proc. Ann. art. 38.072, § 2(a)(2) (Vernon Supp.
2002).

            In this case, it is undisputed that S.R.’s statements to Topping were made after her statements
to Officer Soriano. 
However, S.R.’s statements to Soriano pertained to being struck by her mother, not appellant; whereas S.R.’s
statements to Topping pertained to being hit by appellant, as well as S.R.’s mother. 
Because the striking offense in this case was that committed by
appellant, and not S.R.’s mother, Topping was the
first person over 18 to whom S.R. made a statement about the offense alleged in
this case.  Therefore, Topping’s
testimony was admissible and defense counsel was not ineffective for failing to
object to it.

 

Extraneous Offense Evidence

            Appellant contends that his
counsel’s failure to object to the extraneous offense evidence, that appellant
had assaulted S.R.’s mother, was ineffective assistance
because the evidence served only to portray appellant as violent and was
therefore inadmissible to show that the offense against S.R. was committed in
conformity with that violent character.[6]

            Appellant contends that there is a
reasonable probability that, but for his counsel’s failure to object to this
evidence, the result of the proceeding would have been different.  However, he provides no analysis of the
record in this case to support any such conclusion.  Accordingly, he has failed to sustain his
burden to establish ineffective assistance on this ground.

            Finally, appellant asserts that, if
his counsel’s failures to object to the hearsay and extraneous offense evidence
were insufficient individually to show ineffective assistance, their cumulative
effect and counsel’s “performance as a whole” denied appellant effective
assistance.  However, such a “vague,
inarticulate sense that counsel could have provided a better defense is not a
legal basis for finding counsel constitutionally incompetent.”  Bone,
77 S.W.3d at 836.  Accordingly,
appellant’s first and second issues in the striking conviction, and second and
third issues in the neglect conviction, are overruled.

Medical
Hearsay

            Appellant’s third point of error in
the neglect conviction and fourth point of error in the striking conviction
contend that the trial court erred in overruling his objection to the hearsay
testimony of Dr. Bruce Perry, S.R.’s therapist.

            A statement is not excluded by the
hearsay rule if it is made for the purpose of medical diagnosis or treatment
and describing medical history, or past or present symptoms, pain, or
sensations, or the inception or general character of the cause or external
source thereof insofar as reasonably pertinent to diagnosis or treatment.  Tex.
R. Evid. 803(4).  Moreover, a child’s statements to a mental
health therapist describing abusive acts and identifying the abuser are
reasonably pertinent to medical diagnosis and treatment and are properly
admitted pursuant to Rule 803(4).  See id.; Macias v. State, 776 S.W.2d 255, 259 (Tex. App.—San Antonio 1989,
pet. ref’d).

            In this case, Dr. Perry testified
that the clinical team called him to see S.R. because she had been seriously
abused, he had expertise in the area of abuse, and the team wanted his input on
how to approach some of the clinical and other problems they were facing.  The details S.R. gave Dr. Perry were related
to the abuse and who caused it and were made for the purpose of medical
diagnosis and treatment.  Therefore,
appellant’s third point of error in the neglect conviction and fourth point of
error in the striking conviction do not demonstrate that the trial court abused
its discretion in overruling appellant’s hearsay objection to this
testimony.  Accordingly, those points of
error are overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed November
 7, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.3(b).

 











[1]           In a single trial, a jury found
appellant guilty of both offenses and sentenced him to confinement for sixty
years for the neglect conviction and seventy five years for the striking
conviction.





[2]           In reviewing legal sufficiency, we
review all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Vasquez v. State, 67 S.W.3d
229, 236 (Tex. Crim. App. 2002).





[3]           Section 22.04 provides, in relevant
part:

(a)        A person commits an offense if he . . .
intentionally, knowingly, or recklessly by omission, causes to a child . . .:

(1) serious bodily injury;

                                    *          *          *          *

(b)        An omission that causes [serious bodily
injury] is conduct constituting an offense under this section if:

                                    *          *          *          *

(2) the actor has assumed
care, custody, or control of a child . . . .

                                    *          *          *          *

(d)        The actor has assumed care, custody, or
control if he has by act, words, or course of conduct acted so as to cause a
reasonable person to conclude that he has accepted responsibility for
protection, food, shelter, and medical care for a child . . . .

Tex. Pen. Code Ann. § 22.04(a), (b), (d) (Vernon Supp. 2002).





[4]           Appellant had also previously participated in
unspecified family therapy and therapy with S.R.’s
mother.





[5]           When S.R. came home after living with foster
parents, appellant complained to a CPS worker that she did not know how to
brush her teeth, use the restroom alone, or clean herself even though he and
her mother had previously taught her to do those things.





[6]           See Tex. R. Evid. 404(b) (evidence of
other wrongs is not admissible to prove the character of a person in order to
show action in conformity therewith but may be admissible for other purposes,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident).