**Robert Wayne TURNER, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–95–357–CR.

Court of Appeals of Texas,
Eastland.

April 18, 1996.

---

2. Having found no legal points arguable on the merits, appellant's Request for Appointment of Counsel is denied.

Martin L. Peterson, Stephenville, for appellant.

John Terrill, District Attorney, Stephenville, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, Senior Justice.*

## OPINION

ARNOT, Chief Justice.

The jury convicted Robert Wayne Turner of the aggravated sexual assault[1] of his 10–year–old adopted daughter and assessed his punishment at 25 years confinement.[2] In four points of error, appellant complains that the trial court erred in admitting hearsay and evidence of extraneous offenses. We affirm.

The record reflects that, after she watched a videotape at school on physical and sexual abuse, the victim told her teacher that appellant had hurt her. The teacher referred her to the school counselor, and the counselor called representatives from the local police department and child protective services.

At trial, the victim testified that appellant came into her room at night and penetrated her vagina with his penis. The victim was unable to specifically testify as to the date the assault took place. The record reflects that the victim had a learning disability that affected her ability to understand the sequencing of events. The school counselor testified that the victim had difficulty understanding time sequence, that she had a problem remembering dates, and that she had difficulty with such words as "yesterday," "today," and "tomorrow."

Appellant testified that he had adopted the victim in July of 1994 about six months before the alleged sexual assault in January of 1995. He denied ever sexually assaulting the victim. When he was arrested, appellant told the officer, "[M]aybe that it was her real dad that did it." Appellant testified that, one time after she had visited her biological father when she was four or four-and-a-half years old, appellant walked into the victim's bedroom with the victim's mother and found the victim "humping" on her teddy bear. Appellant stated that, when they asked the victim about her behavior, the victim said "her daddy taught her." At trial, appellant attempted to show that the victim accused him of the sexual assault instead of her biological father because of her difficulty with time sequence.

On rebuttal, Officer Don Miller and the victim testified that appellant had performed other similar sexual acts with the victim. The victim also testified that she did not "remember anything" about her biological father and that she was "pretty young" the last time that she had seen him. The trial court overruled appellant's objection to the admission of extraneous offenses.

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. TEX.PENAL CODE ANN. § 22.021 (Vernon Supp.1996) defines the offense of aggravated sexual assault and provides that it is a felony of the first degree.

2. TEX.PENAL CODE ANN. § 12.32 (Vernon 1994) provides that a person convicted of a felony of the first degree shall be punished by imprisonment for life or for any term of not more than 99 years nor less than 5 years. In addition to imprisonment, an optional fine not to exceed $10,000 may also be assessed.

■ In his first point of error, appellant complains that Officer Miller's testimony was hearsay and that the victim's testimony was inadmissible under TEX.R.CRIM.EVID. 404(b). We disagree.

Evidence of other crimes is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes: proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 404(b); *Montgomery v. State,* 810 S.W.2d 372 (Tex.Cr.App.1991).[3]

Appellant's theory was that the victim's biological father had committed the offense. This placed the identity of the perpetrator in issue. We hold that the evidence that appellant committed similar sexual acts with the victim was admissible to prove appellant's identity. Rule 404(b); see *Easter v. State,* 867 S.W.2d 929 (Tex.App.—Waco 1993, pet'n ref'd). The trial court did not err in overruling appellant's objection. *Romero v. State,* 800 S.W.2d 539 (Tex.Cr.App.1990); *Calloway v. State,* 743 S.W.2d 645 (Tex.Cr.App.1988).

Appellant argues, alternatively, that the evidence should have been excluded under TEX.R.CRIM.EVID. 403 due to its prejudicial and misleading effect. The probative value of the evidence was not substantially outweighed by its prejudicial effect. Rule 403. Appellant's first point of error is overruled.

■ In his second point of error, appellant complains that the trial court erred in not granting a mistrial after the doctor who had examined the victim testified concerning extraneous offenses. On direct examination, the prosecutor asked the doctor:

Q: What, if any, history did she give you in regard to the allegation that—huh—that she had been penetrated by her stepfather committing a sexual assault by penetrating her vagina with his penis?

A: Yes, she did tell me that, that she—huh—her words as I put them in here

are—huh—is that, sometimes he'd put his penis in my pants and other times in my vagina—huh—she—he—sometimes he will stick his fingers in my vagina, she also said that he would—

The trial court sustained appellant's objection to the testimony of extraneous offenses and instructed the jury to disregard the testimony. The doctor then testified that the victim stated that her stepfather had penetrated her with his penis. The doctor described the physical examination that she performed on the victim and testified that the victim's hymen was torn.

■ An admission of improper testimony is cured by the trial court's instruction to disregard; and any error is rendered harmless except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced in their minds. *Campos v. State,* 589 S.W.2d 424 (Tex.Cr.App.1979). The doctor's testimony addressed the victim's medical history for purposes of a diagnosis and was not so prejudicial as to require a mistrial. Appellant's second point of error is overruled.

■ In his third point of error, appellant complains that the testimony of the doctor concerning the victim's statement of penetration improperly bolstered the victim's testimony and did not come within the hearsay exception described in TEX.R.CRIM. EVID. 803(4). We disagree.

■ Statements made for purposes of medical diagnosis or treatment and describing medical history or past or present symptoms pertinent to diagnosis or treatment are admissible as an exception to the hearsay rule. Rule 803(4). Statements describing abusive acts are pertinent to medical diagnosis and treatment. *Fleming v. State,* 819 S.W.2d 237 (Tex.App.—Austin 1991, pet'n ref'd); *Macias v. State,* 776 S.W.2d 255 (Tex. App—San Antonio 1989, pet'n ref'd). Appellant's third point of error is overruled.

---

**3.** Evidence of extraneous offenses is not admissible under Rule 404(b) when a defendant attacks the victim's credibility by denying that he com-

mitted the instant offense. *Pavlacka v. State,* 892 S.W.2d 897, 902 (Tex.Cr.App.1994).

In his fourth point of error, appellant contends that the trial court erred in admitting hearsay testimony when Officer Miller testified that the victim told him that appellant penetrated the victim's vagina with his penis. Appellant argues that the counselor was the first person the victim told about the offense. Therefore, appellant contends that Officer Miller's testimony did not meet the outcry witness exception set out in TEX. CODE CRIM.PRO.ANN. art. 38.072, § (2)(a) (Vernon Supp.1996).

Article 38.072, section (2)(a) states:

This article applies only to *statements that describe the alleged offense* that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense. (Emphasis added)

In *Garcia v. State,* 792 S.W.2d 88 (Tex.Cr. App.1990), the court interpreted the phrase "statement about the offense" to mean that the outcry witness must be the first person to whom the child makes a statement that, in some discernible, manner describes the alleged offense. The statement must be more than words that give a general allusion that something in the area of child abuse was going on. *Garcia v. State, supra.*

The indictment alleged that appellant penetrated the victim's vagina with his penis. Although she told the counselor that appellant penetrated her vagina with his finger, the victim did not tell the counselor that appellant penetrated her with his penis. Officer Miller testified that the victim told him that appellant penetrated her vagina with his penis. Therefore, the record reflects that Officer Miller was the first person over the age of 18 the victim told about the offense as alleged in the indictment. *Garcia v. State, supra; Schuster v. State,* 852 S.W.2d 766 (Tex.App.—Fort Worth 1993, pet'n ref'd). Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.