Affirmed and Opinion filed May 8, 2007








Affirmed and Opinion filed May 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00150-CR

____________

 

ANDRES NINO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 1017296

 



 

 O P I N I O N

Appellant Andres Nino challenges his conviction for
aggravated sexual assault of a child, asserting the trial court erred in (1)
designating the outcry witness under article 38.072 of the Texas Code of
Criminal Procedure, (2) allowing hearsay testimony into evidence, and (3)
making an erroneous statement of the law to the venire panel. We affirm.








I.  Factual and Procedural Background

Appellant occasionally babysat his cousin Jane=s two young sons,
John, the complainant, and John=s older brother, George, both of whom
referred to appellant as AAndy@ or ATio Andy.@[1] Appellant is Jane=s first cousin and
has a young son about the same age as Jane=s children. 
Appellant was caring for all three boys on October 8, 2004, when the incident
forming the basis of appellant=s conviction occurred. 

John, who was about six years old at the time, forgot to
flush the toilet after using the bathroom. Appellant asked the children who had
forgotten to flush the toilet.  When John acknowledged that he was the one at
fault, appellant took John to appellant=s bedroom and
closed the door.  As they stood next to the door, appellant took his own pants
down, exposed his penis, and placed his penis in John=s mouth. 
Appellant then put his hand behind John=s head and pushed
it toward his penis. Appellant told John to Asuck it@ and warned him
not to throw up.  When appellant was finished with John, he told the boy to go
to the bathroom and flush the toilet. 

Several weeks later, on Thanksgiving Day, Jane and her sons
were getting ready to spend the holiday with her family.  While John and George
were in the shower, Jane, who was standing outside the open bathroom door,
overheard John say to his older brother, AAndy made me suck
it.@  George replied, ASuck what?@  Jane then
stepped into the bathroom and saw John gesturing with his penis.  Jane asked
John what he had just said, and John refused to respond.  Jane told the boys to
finish showering and get dressed so that they could talk. After the boys
dressed themselves, they met with Jane in the living room.  Jane told John she
needed to know what appellant had done. After further questioning, John told
Jane what had happened at appellant=s house. Jane
reported the offense to the police, and the following week she took John to the
Children=s Assessment
Center.  There, Aimee McAndrew, a forensic interviewer, questioned John during
a recorded interview. 








Appellant was arrested and charged by indictment with the
felony offense of aggravated sexual assault of a child.  Though he pleaded Anot guilty,@ a jury found him
guilty of the charged offense and assessed punishment at fifteen years= confinement in
the Texas Department of Criminal Justice Institutional Division. 

II. Issues Presented

Appellant asserts the following issues on appeal: 

(1)     The trial court erred in admitting John=s mother=s outcry testimony under article
38.072, sections 1 and 2 of the Texas Code of Criminal Procedure; 

(2)     The trial court erred in designating the
Children=s Assessment Center=s forensic interviewer (McAndrew),
as the outcry witness under article 38.072, sections 1 and 2 of the Texas Code
of Criminal Procedure;

(3)     The trial court erred in allowing the State=s expert witness to testify on
matters allegedly outside her area of expertise; 

(4)     The trial court erred in allowing testimony
that appellant was a former police officer; and 

(5)     The trial court erred in making an erroneous
statement of the law on juror disqualification to the venire panel. 

 

III.  Analysis

A.      Did the trial court
reversibly err in admitting the complainant=s mother=s hearsay outcry testimony and in
designating the forensic interviewer as the outcry witness?

In his first issue, appellant contends the trial court
abused its discretion in admitting John=s outcry testimony
through his mother (Jane) because this testimony was hearsay and because the
trial court did not designate Jane as the outcry witness under article 38.072,
sections 1 and 2 of the Texas Code of Criminal Procedure.  In his second issue,
appellant  argues the trial court erred in designating the forensic interviewer
(McAndrew) rather than Jane as the outcry witness under this statute.  We first
address appellant=s second issue.








Article 38.072 of the Texas Code of Criminal Procedure,
which governs admissibility of outcry statements, provides that certain hearsay
statements are admissible in the prosecution of certain offenses, including
aggravated sexual assault against a child twelve years of age or younger.  Tex. Code Crim. Proc. Ann. art. 38.072,
' 1 (Vernon Supp.
2005).  This statute applies to Astatements that
describe the alleged offense@ and that (1) were made by the child
against whom the offense was allegedly committed and (2) were made to the first
person, eighteen years of age or older, other than the defendant, to whom the
child made a statement about the offense.  See id. art.  38.072 ' 2(a) (1), (2). 
This statute provides that such statements are not inadmissible because of the
hearsay rule if certain requirements, which are not at issue here, are
satisfied.[2] 
Id. art. 38.072 ' 2(b). 

A trial court=s determination
that an outcry statement is admissible under article 38.072 is reviewed for an
abuse of discretion.  Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim.
App. 1990).   The Court of Criminal Appeals has construed the statute to apply
to the first adult to whom the complainant makes a statement that Ain some
discernible manner describes the alleged offense.@ Id. at
91.   This statement must be Amore than words which give a general
allusion that something in the area of child abuse was going on.@ Id.  








Before trial,  the State gave notice to appellant of its
intention to offer John=s outcry statement through both Jane and
McAndrew under article 38.072 of the Texas Code of Criminal Procedure.  Outside
the presence of the jury, appellant=s counsel made an
oral motion in limine in which he sought to have the State designate which of
the two witnesses listed in the notice would be proffered as the outcry
witness. In response to appellant=s request, the
trial court conducted a hearing to determine who would be designated as the
outcry witness at trial.  At the hearing, the State acknowledged that the
mother (Jane) was the first adult to receive John=s statement, but
stated that the forensic interviewer (McAndrew) received a more detailed
account of the events relating to the offense.  On this basis, the State
requested that the forensic interviewer be designated as the outcry witness,
while the mother would testify only as to the initial statement she heard John
make to George while the boys were in the shower.  The State advised that if
the forensic interviewer were designated the outcry witness, the mother would
not testify as to the details she had received from John, but would offer
testimony only in regard to the initial statement she overheard.  After hearing
argument from both sides, the trial court designated the forensic interviewer
(McAndrew) as the outcry witness and instructed the State not to elicit any
hearsay testimony from the mother (Jane). 

          Appellant
contends the trial court should have designated Jane rather than McAndrew as
the outcry witness because, based on John=s statements in
the shower and later in the living room, Jane was the first adult to whom John
made a statement that in some discernible manner described the alleged
offense.  We agree with appellant. The evidence before the trial court was
sufficient to show that John had described the offense in a discernible manner
to his mother before he talked to the forensic interviewer.  At trial, the
mother testified that she overheard her son, John say to his brother, George,  AAndy made me suck
it.@  The mother then
heard George respond, ASuck what?@  Upon opening the
door to the bathroom, the mother saw John holding his penis in response to his
brother=s inquiry. Shortly
thereafter, the mother met with the boys and had a discussion about what was
said in the shower.  John=s mother  testified that John was visibly
upset and crying while he told her what had happened at appellant=s house.  John=s mother also
testified that John told her that it had happened when she was out of town,
sometime in October 2004.  













Under the undisputed evidence before the trial court, John=s  account of the
event, as relayed to his mother, was more than a general allusion that
something in the area of child abuse was going on.[3] 
Though the child=s statements were not lengthy or detailed,
they contained sufficient information about the nature of the act and the
perpetrator to fall under article 38.072 of the Texas Code of Criminal
Procedure.  Therefore, the trial court abused its discretion in designating
McAndrew, rather than Jane, as the outcry witness under section 38.072 of the
Texas Code of Criminal Procedure.  Compare Klein v. State, 191 S.W.3d
766, 780  (Tex. App.CFort Worth 2006, pet. ref=d) (distinguishing
Garcia and concluding that statements from complainant to teacher, such as Asometimes he
messes with me@ and that her dad Atickled her and
sometimes touched her between her legs with his fingers, and sometimes he used
his tongue@ were sufficient to identify in a discernible manner
the type of sexual abuse that was going on at home), Brown v. State, 189
S.W.3d 382 (Tex. App.CTexarkana  2006, pet. ref=d) (concluding
that a counselor was not the proper outcry witness because child complainant
described the offense in a discernible manner to her father and her father=s girlfriend), and
Reed v. State, 974 S.W.2d 838, 841 (Tex. App.CSan Antonio 1998,
pet. ref=d) (concluding
that father of complainant, who was first to hear his daughter=s and niece=s allegations of
abuse, was proper outcry witness in prosecution for indecency with a child;
although children made general allegations of abuse to child-protection worker
the next day, they had made more detailed statements to father the night
before, when they told him how, when, and where defendant had touched them), with
Hinds v. State, 970 S.W.2d 33, 35 (Tex. App.C Dallas 1998, no
pet.) (finding mother proper outcry witness where complainant first told
counselor in general terms, but gave mother more detail later), Hayden v.
State, 928 S.W.2d 229, 231 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d) (concluding child‑protection
worker was proper outcry witness even though complainant first told school
counselor of abuse, because no evidence that child gave counselor details of
offense), Turner v. State, 924 S.W.2d 180, 183 (Tex. App.CEastland 1996,
pet. ref=d) (finding police
officer proper outcry witness where complainant first told counselor of digital
penetration and later told police of penile penetration, the offense charged),
and Schuster v. State, 852 S.W.2d 766, 768 (Tex. App.CFort Worth 1993,
pet. ref=d) (finding
psychologist proper outcry witness even though complainant told mother first,
but child was so upset no details were provided); see also Morrison v. State,
No. 2-05-443-CR, 2007 WL 614143, at *2 (Tex. App.CFort Worth Mar. 1,
2007, no pet. h.) (holding trial court abused its discretion in determining
that child forensic interviewer was outcry witness because complainant told his
mother and her husband that defendant had made complainant suck defendant=s penis) (mem.
op., not designated for publication).  








Having found that the trial court abused its discretion in
allowing McAndrew to testify as the outcry witness, we must conduct a harm
analysis to determine whether this error affected appellant=s substantial
rights.  See Tex. R. App. P.
44.2(b).   We review this error as nonconstitutional error.  See Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App.  1998). Improper admission of
evidence is not reversible error if the same or similar evidence is admitted
without objection at another point in the trial.  Mayes v. State, 816
S.W.2d 79, 88 (Tex. Crim. App. 1991).  Without objection, both John and Jane
testified at trial, each providing substantially the same account of the
offense as McAndrew provided in her testimony.  Thus, after examining the
record as a whole, we conclude that the trial court=s error in
admitting McAndrew=s testimony about the offense did not have
a substantial and injurious effect or influence in determining the jury=s verdict.  See
Leday v. State, 983 S.W.2d 713, 717B18 (Tex. Crim.
App. 1998) (concluding that party who objects to some evidence but fails to
object to other substantially similar evidence waives any error in admission of
objected‑to evidence); West v. State, 121 S.W.3d 95, 105 (Tex.
App.CFort Worth 2003,
pet. ref=d) (holding that
error in admitting outcry testimony did not influence jury=s verdict or had
but a slight effect because complainant provided detailed testimony relating
to  offense);  Broderick v. State, 35 S.W.3d 67, 74B75 (Tex. App.CTexarkana 2000,
pet. ref=d) (concluding
that admission of inadmissible hearsay, including erroneous designation of
outcry witness, is nonconstitutional error, and it will be considered harmless
if appellate court, after examining the record as a whole, is reasonably
assured that error did not influence jury verdict or had but a slight effect); Thomas
v. State, 1 S.W.3d 138, 142 (Tex. App.CTexarkana 1999,
pet. ref=d)  (holding that
error in determining child complainant=s mother was
proper outcry witness and thus admitting her testimony about complainant=s statements of
sexual abuse by defendant under exception to hearsay rule was harmless, where
record was replete with testimony from witnesses other than mother concerning
complainant=s statements about offense).  Because we conclude the
trial court=s error was harmless, we overrule appellant=s second issue.

In his first issue, appellant argues that the trial court
abused its discretion in admitting John=s outcry testimony
through Jane because this testimony was hearsay and because the trial court did
not designate Jane as the outcry witness under article 38.072, sections 1 and 2
of the Code of Criminal Procedure.  Though appellant is correct that the trial
court decided that McAndrew rather than Jane would be the outcry witness, at
appellant=s urging, we have determined the trial court should
have designated Jane as the outcry witness.  As the outcry witness, Jane could
properly testify to the matters in dispute, and her testimony is not
inadmissible because of the hearsay rule.  See Tex. Code Crim. Proc. Ann. art. 38.072, ' 2(b).  Accordingly,
we overrule appellant=s first issue.

B.      Did the trial court abuse
its discretion in admitting the State=s expert witness=s testimony on matters allegedly
outside her area of expertise? 

In his third issue, appellant argues the trial court abused
its discretion during the punishment phase of trial by allowing Dr. Judy
Rambur, the State=s expert witness, to testify as to matters
allegedly outside her area of expertise. The State contends appellant failed to
preserve error on this point because the complaint he asserts on appeal was not
the objection he made in the trial court.  To preserve error, the complaint on
appeal must comport with the objection lodged in the trial court.  See
Heidelburg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating A[i]t is
well-settled that the legal basis of a complaint raised on appeal cannot vary
from that raised at trial@); see also Bell v. State, 938 S
.W.2d 35, 54 (Tex. Crim. App. 1996). Thus, as a threshold matter, we must
determine if appellant has waived his complaint.








During Dr. Rambur=s testimony,
appellant=s counsel objected on the basis of hearsay.  The only
mention that Dr. Rambur was testifying as to matters allegedly outside her area
of expertise was made by the trial court during a bench conference outside the
presence of the jury.  During this conference, appellant=s counsel did not voice
any such objection.  On appeal, appellant does not contend the trial court
abused its discretion in allowing hearsay testimony, but contends only that the
trial court erred in admitting Dr. Rambur=s testimony because
it was outside her area of expertise.  Because the objection appellant asserted
at trial is not the same objection he now urges on appeal, he failed to
preserve his complaint for our review.  See Heidelburg, 144 S.W.3d at
537; see also Harrison v. State, 1996 WL 491800, at *6 (Tex. App.CHouston [14th
Dist.] Aug. 29, 1996, no pet.) (not designated for publication) (concluding
that defendant failed to preserve error where he objected at trial to clinical
psychologist=s testimony on grounds that it was hearsay but
complained on appeal that testimony constituted impermissible expert
testimony).  We therefore overrule appellant=s third issue. 

C.      Did the
trial court abuse its discretion during the guilt/innocence phase of trial in
overruling appellant=s objection to
testimony that appellant was a former police officer? 








In his fourth issue, appellant contends that during the
punishment phase, the trial court erred in allowing testimony that he was a
former police officer.  Appellant asserts that this testimony was irrelevant
and that the danger of unfair prejudice outweighed any probative value.  See
Tex. R. Evid. 401, 403.  However,
appellant did not voice an objection to this testimony under Texas Rule of
Evidence 403; therefore, he failed to preserve error as to this complaint.  See
Heidelburg, 144 S.W.3d at 537.  Likewise, though appellant asserted a
relevancy objection under Texas Rule of Evidence 401, he did not do so until
after (1) the State propounded a leading question laced with this information,
(2) the police officer answered affirmatively, and (3) the State propounded
another question.  To preserve error, a defendant must make a timely
objection.  See Tex. R. App. P.  33.1(a);
Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997).  If a
defendant does not object until after an objectionable question has been
answered, and he can show no legitimate reason to justify the delay, his
objection is untimely, and any error is waived. Lagrone, 942 S.W.2d at
618. Because appellant=s objection was untimely, it was
insufficient to preserve error.  See id.  But even if appellant had not
waived this complaint, we could not conclude that allowing this testimony was
reversible error.  Accordingly, we overrule appellant=s fourth issue. 

D.      Did the
trial court err in making an erroneous statement regarding the law of juror
disqualification to the venire panel? 

In his fifth issue, appellant complains of the following
comments made by the trial court during voir dire: AYou cannot have
been convicted of a moral turpitude misdemeanor@ and AWhat is that?  It=s really
prostitution or theft case.@  Appellant, however, failed to object to
these allegedly improper statements.  By failing to object, appellant forfeited
any  right to complain about these statements on appeal.  See Williams
v. State, 622 S.W.2d 116, 119 (Tex. Crim. App.  1981).  Appellant does not
argue that the trial court=s alleged error was fundamental, that it
bears upon the presumption of appellant=s innocence, that
it vitiates the jury=s impartiality, or that there is any other
basis by which he might be excused from preserving error.  See Jasper v.
State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (stating that there was no
issue as to whether appellant was excused from preserving error under rationale
of plurality opinion in Blue v. State,  41 S.W.3d 129, 132 (Tex. Crim.
App. 2000) because trial court=s comments did not rise to the level of
fundamental error or taint presumption of appellant=s innocence, or
vitiate jury=s impartiality).  Because appellant did not make the
objection at trial, he waived his right to complain of any error that might
have occurred during voir dire as a result of the statements made by the trial
court.   See Williams v. State, 622 S.W.2d 116; see also Hudson
v. State, No. 14-05-00358-CR,  2006 WL 2167220, at *4 (Tex. App.CHouston [14th
Dist.] Aug. 1, 2006, pet. ref=d) (not designated for publication).
Accordingly, we overrule  appellant=s fifth issue.  








Having overruled all of appellant=s issues, we
affirm the trial court=s judgment. 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered and Opinion filed
May 8, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

Publish C Tex.
R. App. P. 47.2(b).

 









[1]  To protect the privacy of the complainant in this
case, we identify the children and their mother by pseudonyms.





[2]  Because appellant does not assert that these
requirements are lacking, we need not discuss them.





[3]  Therefore, the cases cited by the State, in which
the appellate courts concluded the prior statement was only a general allusion
that something in the area of child abuse was going on, are not on point.