**Affirmed and Memorandum Opinion filed April 24, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00332-CR

**STEVDRICK JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1263480**

## M E M O R A N D U M   O P I N I O N

Appellant, Stevdrick Jackson, appeals his conviction of capital murder. In a single issue, appellant contends the trial court erred by permitting the State to present extraneous-offense evidence. We affirm.

### BACKGROUND

In August 2006, Robert Voss drove appellant, Vanessa Esparza, and another man in Voss's Cadillac from Mississippi to Houston. Apparently, the purpose of the trip was to purchase narcotics in Houston. During the trip, Voss observed appellant in possession

of a .22 caliber semi-automatic handgun. Voss did not see any other weapons. When the foursome arrived in Houston, they rented a motel room. On August 21, 2006, appellant and Esparza stole Voss's Cadillac and visited one of Esparza's friends.

According to Esparza, after she and appellant visited her friend, the following events occurred. Appellant slowly drove the Cadillac around a Valero gas station before parking at a gas pump. Appellant followed Esparza into the Valero convenience store but did not tell Esparza why he was entering the store. There was nobody in the store except the clerk (the "complainant"), who was standing behind the counter. Esparza was filling a drink cup at the soda fountain when she heard three or four "popping sounds." She turned and saw appellant "jumping over" the counter. Appellant was holding a .22 caliber handgun, which he regularly carried in his pants pocket. Appellant stole money from the cash register and the complainant's wallet.

Appellant provided the following, divergent testimony. Esparza carried a .22 caliber handgun which protruded from her purse, whereas appellant carried a .38 caliber revolver. After stealing Voss's Cadillac, appellant and Esparza drove to the Valero gas station and entered the convenience store. Appellant was closing a cooler when he heard three gunshots. He turned and saw Esparza standing in front of the counter, holding the .22 caliber handgun. Appellant waited for Esparza as she stole items from behind the counter.

The complainant died from gunshot wounds. Police officers found two .22 caliber casings on the floor of the convenience store. Appellant and Esparza were arrested the next day as they were fleeing Houston in a Lexus. A .22 caliber handgun was found in the Lexus on the floorboard under appellant's seat. Appellant was charged with capital murder for intentionally killing the complainant during the course of a robbery. The jury found appellant guilty, and the trial court assessed the mandatory sentence of life imprisonment without possibility of parole.

## II. EXTRANEOUS OFFENSE

In his sole issue, appellant contends the trial court erred by admitting evidence of an extraneous offense committed by appellant—specifically, that appellant shot another man and stole his Lexus within twenty-four hours of the complainant's murder.

We review a trial court's ruling on the admissibility of extraneous-offense evidence for abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). Under Rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove an individual's character or to show action in conformity with that character. Tex. R. Evid. 404(b). However, a trial court may admit extraneous-offense evidence for other reasons, such as proof of identity or to rebut a defensive theory. *See id.*; *De La Paz v. State*, 279 S.W.3d 336, 344–47 (Tex. Crim. App. 2009).

During trial, the State relied primarily on the following question by defense counsel as grounds for admission of the extraneous-offense evidence:

> [Defense Counsel:] And the reason [appellant is] here today, is it not Ms. Esparza, is because you're the one who shot the store clerk and [appellant] didn't want to leave you by yourself because he knew you were pregnant with his child?
>
> [Esparza:] No.

The State argued extraneous-offense evidence was admissible to rebut appellant's defensive theory that Esparza fabricated her testimony and was the actual shooter. Appellant responded that the foregoing question did not raise a defensive theory because Esparza answered negatively. The trial court overruled appellant's objection, explaining that defense counsel did not merely ask Esparza if she was the shooter but directly accused her of having been the shooter.

The State presented extraneous-offense evidence through the following testimony of Brent Baresh. On August 22, 2006, Baresh was staying at a motel in Houston when he encountered appellant and Esparza. Appellant solicited Baresh to pay money in exchange for sexual activity with Esparza. Shortly thereafter, Baresh allowed Esparza

into his room. Esparza and Baresh conversed until someone knocked on the door. Baresh looked through the peephole and saw appellant holding Esparza's purse. After Baresh opened the door, appellant shot Baresh in the face with a .22 caliber handgun.[1] Appellant stole Baresh's wallet, briefcases, and Lexus. Appellant and Esparza acted in concert and "[Esparza] was a full participant."

The trial court orally instructed the jury it could consider the extraneous-offense evidence only if the jury believed beyond a reasonable doubt that appellant committed the extraneous offense and only for purposes of motive, opportunity, plan, identity, or absence of mistake or accident in connection with the underlying murder. The jury charge contained a similar instruction.[2]

Even assuming without deciding that the trial court abused its discretion by admitting this extraneous-offense evidence during the State's case-in-chief, any error was cured when appellant testified that Esparza shot the complainant. *See Daggett v. State*, 187 S.W.3d 444, 453–54 (Tex. Crim. App. 2005) ("[I]f extraneous offense evidence is improperly introduced during the State's case-in-chief, any error may be cured by the defendant's subsequent testimony which 'opens the door' to rebuttal."). Appellant clearly raised an issue regarding identity of the shooter, "opening the door" to extraneous-offense evidence to rebut his testimony. *See Turner v. State*, 924 S.W.2d 180, 182 (Tex. App.—Eastland 1996, pet. ref'd) (recognizing defendant's theory that another person committed the charged offense raised an issue regarding identity of the perpetrator).

---

[1] An HPD firearms expert testified that a bullet casing found in Baresh's motel room was ejected from the .22 caliber handgun recovered from the Lexus.

[2] Appellant did not object to the trial court's oral limiting instruction or jury-charge instruction regarding consideration of the extraneous-offense evidence.

Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Charles W. Seymore
        Justice


Panel consists of Justices Seymore, Boyce, and Mirabal.[3]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] Senior Justice Margaret Garner Mirabal sitting by assignment.