**Opinion filed December 5, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00023-CR

_____

**FREDERICK MUNGER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 27th District Court**

**Bell County, Texas**

**Trial Court Cause No. 62946**

### M E M O R A N D U M   O P I N I O N

Frederick Munger appeals his jury conviction of aggravated sexual assault.[1] The jury assessed Appellant's punishment at confinement for a term of twenty years. We affirm.

---

[1]TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013).

## I. *Evidence at Trial*

Appellant's granddaughter, R.M., testified that, when she was eight years old, he sexually assaulted her at his house. Appellant asked her to sit on his lap and when she did he began to rub her stomach and legs. Appellant then covered both of them with a blanket, put his hand in her pants, and rubbed her genitals. Appellant then took off R.M.'s shorts and underwear, lifted her up, and inserted his penis into her vagina. He had sexual intercourse with R.M. for two to three minutes. He stopped after R.M. loudly yelled "ouch." Appellant told her not to tell anyone what had happened because he did not want to lose her.

For four years, R.M. never told anyone about Appellant's sexual assault; she finally confided in Patricia Dube, a friend of R.M.'s mother. As the State's first outcry witness, Dube testified that R.M. told her that Appellant had sex with R.M. when she was eight years old.

Dube said that R.M. told her that Appellant asked R.M. to sit on his lap. After R.M. got on Appellant's lap, he pulled down her pants and his own pants and inserted his penis into her vagina. R.M. told Dube that Appellant stopped when R.M. yelled "ow." R.M. also told Dube that Appellant had told R.M. not to tell anyone what had happened because it would break up the whole family.

Dube indicated that R.M. had not told her about an instance when Appellant digitally penetrated R.M. However, R.M. had told Susan Schanne-Knoblock, a forensic interviewer for the Child Advocacy Center, about that incident. The State called Schanne-Knoblock as an additional outcry witness.

Appellant objected and argued that the testimony violated Section 2 of Article 38.072 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2 (West Supp. 2013). Appellant also contended that the testimony was an improper attempt at bolstering and that the testimony was cumulative of R.M's testimony. The State argued that, because the testimony

2

involved a separate event of sexual abuse by Appellant, it could call Schanne-Knoblock as an additional outcry witness to that specific event.

After the trial court held a hearing outside the presence of the jury, it ruled that Schanne-Knoblock could testify as an additional outcry witness. Schanne-Knoblock testified that R.M. told her that Appellant had put his fingers in her vagina.

The State also called Appellant's niece, T.V., to testify about Appellant's alleged sexual assault upon her. The trial court held a second hearing outside the presence of the jury to decide whether T.V. could testify about the sexual abuse. The State argued that the testimony was admissible to rebut Appellant's theory of fabrication. Appellant argued that the testimony was inadmissible in the guilt/innocence phase. The trial court admitted the testimony to show Appellant's course of conduct, intent, and motive and also to rebut his fabrication defense.

T.V. testified that, when she was approximately five to seven years old, Appellant rubbed her in and around the lip area of her genitals "like he wanted to put a diaper" on her, but she did not wear diapers. Appellant pretended to clean her with a "baby wipe of some sort," but she had not urinated or defecated on herself. T.V. testified that she did not understand what Appellant was doing at the time but that she now believed that Appellant sexually assaulted her.

Appellant requested that the trial court instruct the jury on the limited admissibility of T.V.'s testimony; the trial court gave the limiting instruction to the jury after T.V. testified.

## II. *Issues Presented*

Appellant presents two issues on appeal, which we paraphrase as follows:

(1) Did the trial court abuse its discretion when it allowed Schanne-Knoblock to testify as an outcry witness for the State?

3

(2)    Did the trial court abuse its discretion when it allowed T.V. to testify about alleged sexual abuse by Appellant?

The answer to both questions, as we explain below, is "no."

## III. *Standard of Review*

A trial court's decision to designate an outcry witness is reviewable under an abuse-of-discretion standard. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). An abuse of discretion will not be found unless the trial court's decision is outside the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

A trial court's ruling on the admissibility of extraneous offenses is also reviewed under an abuse-of-discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b) of the Texas Rules of Evidence, is a question for the trial court. *Id.* A trial court's ruling will generally be upheld if the evidence shows that (1) an extraneous transaction is relevant to a material, non-propensity issue and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. *Id.* at 344; *see* TEX. R. EVID. 403, 404(b).

## IV. *Analysis*

In his first issue, Appellant contends that the trial court abused its discretion when it admitted the hearsay testimony of Schanne-Knoblock. Appellant argues that Schanne-Knoblock's testimony did not meet the outcry witness exception set forth in Article 38.072, section (2)(a).

Article 38.072 allows for the admission of hearsay statements made by child abuse victims under the age of fourteen. To qualify for the hearsay exception, the statement must describe the alleged offense and must have been made to the first

4

person, eighteen years of age or older, other than the defendant, to whom the child made a "statement about the offense." *Garcia*, 792 S.W.2d at 91. The Texas Court of Criminal Appeals has interpreted "statement about the offense" to mean a statement that in some discernible manner describes the alleged offense. *Id.* at 91. The statement must be more than a general allusion that something in the area of child abuse occurred. *Id.*

An outcry witness is specific to an event, rather than a person. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (citing *Garcia*, 792 S.W.2d at 91). Hearsay testimony from several outcry witnesses may be admissible under Article 38.072 if the witnesses testify about different events. *Id.* (citing *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd)). Only one outcry witness may testify as to a single event. *Id.*

This court previously addressed the issue of multiple outcry witnesses in *Turner v. State*, 924 S.W.2d 180 (Tex. App.—Eastland 1996, pet. ref'd). Although the victim in *Turner* first told a counselor that the defendant penetrated her vagina with his finger, she did not tell the counselor that the defendant had also penetrated her vagina with his penis. 924 S.W.2d at 183. The first time the victim revealed that the defendant had penetrated her vagina with his penis was during a conversation with a police officer; thus, that police officer was properly allowed to testify about this separate event of abuse as a second outcry witness. *Id.*

In this case, Dube testified that R.M. only told her that Appellant penetrated her vagina with his penis. When the prosecutor asked Dube whether R.M. had told her that Appellant also touched her genitals with his hand, Dube testified as follows:

> Q: Did she tell you if the defendant, Frederick Munger, touched her with his hands?
>
> A: No.

Q: She didn't tell you that?

A: Just touched her stomach and--

Q: Okay, that he touched her stomach with his hand, but she did not tell you that he touched her privates or his [sic] genitals with her [sic] hand?

A: I don't recall.

Q: That's okay. And you are just testifying [to] what you can recall, right?

A: Yes.

Appellant mischaracterizes Dube's testimony when he argues that Dube could not remember whether R.M. had told her about any digital penetration by Appellant. Rather, Dube's initial response to the question was "No," and when pressed by the State's attorney, Dube responded that she recalled no such conversation. Dube, as the State's first outcry witness, testified to a single event of sexual assault that occurred when Appellant inserted his penis into R.M.'s vagina. Schanne-Knoblock testified to a separate event of sexual assault that Appellant committed when he inserted his fingers into R.M.'s vagina.

Because there was evidence at trial that Schanne-Knoblock was the first adult to hear R.M.'s outcry that Appellant had digitally penetrated her vagina, the trial court's decision to allow Schanne-Knoblock to testify as an outcry witness was not outside the zone of reasonable disagreement. The trial court did not abuse its discretion when it allowed Schanne-Knoblock to testify as an outcry witness. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court abused its discretion when it allowed T.V. to testify. At trial, Appellant denied T.V.'s and

R.M.'s allegations. Appellant testified that he could not engage in sexual intercourse because he suffered from erectile dysfunction. He also claimed that R.M. had never sat on his lap because she had a fear of men. When T.V.'s testimony was offered at trial, Appellant objected that the evidence was inadmissible during the State's case-in-chief and argued that Appellant's case was distinguishable from *Bass v. State*. *See Bass v. State*, 270 S.W.3d 557 (Tex. Crim. App. 2008). The trial court held that the evidence was admissible to show course of conduct, intent, and motive as well as to rebut the defense's theory of fabrication; the trial court overruled Appellant's objection and allowed T.V. to testify. After T.V.'s testimony, the trial court gave a limiting instruction to the jury, as Appellant requested.

However, on appeal, Appellant argues that the trial court should not have admitted T.V.'s testimony because Rule 403 renders the testimony inadmissible. Appellant contends that the evidence was so weak that it had no relevance to the defense's theory of fabrication and that it was more prejudicial than probative.

When a party attempts to adduce evidence of extraneous bad acts, in order to preserve error on appeal, the opponent of that evidence must object in a timely fashion. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991). Ideally, the opponent will object that the evidence is inadmissible under Rule 404(b). *Id.* An objection that such evidence is not "relevant," or that it constitutes an "extraneous offense," will usually be sufficient to inform the trial court of the nature of the objection. *Id.* Once the trial court decides that the evidence has relevance apart from character conformity, the court has fully ruled on the opponent's objection, and error is preserved as to whether the evidence was admissible under Rule 404(b). *Id.* at 388.

A relevance objection on its own, however, is not enough to invoke a ruling from the trial court on whether the evidence is subject to exclusion on the ground

7

of unfair prejudice. *Id.* Rather, a Rule 403 objection is required. *Id.* If the opponent fails to make an objection based on Rule 403, the issue is not preserved for appeal. *Id.* at 389; *Long v. State*, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991). Because Appellant did not make a Rule 403 objection at trial, he has waived any error. TEX. R. APP. P. 33.1.

Appellant, however, has preserved his Rule 404(b) argument, and we will review that issue. *See Montgomery*, 810 S.W.2d at 387. Rule 404(b) prohibits the admission of evidence of extraneous offenses committed by the defendant for the purpose of proving that, on the occasion in question, the defendant acted in conformity with the character demonstrated by the other bad acts. TEX. R. EVID. 404(b); *Santellan v. State*, 939 S.W.2d 155, 168 (Tex. Crim. App. 1997). However, evidence of extraneous offenses is admissible for other purposes, such as proof of motive, opportunity, intent, or absence of mistake. TEX. R. EVID. 404(b); *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). The exceptions provided by Rule 404(b) are neither mutually exclusive nor collectively exhaustive. *De La Paz*, 279 S.W.3d at 343.

Extraneous offense evidence is also admissible to rebut the defensive theory of fabrication. *Id.* at 350; *Bass*, 270 S.W.3d at 563. A party may introduce evidence of other crimes, wrongs, or acts if such evidence logically serves to make more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact. *De La Paz*, 279 S.W.3d at 343. A mere denial of commission of an offense generally does not open the door to extraneous offenses. *Id.*

T.V.'s testimony about the assault that Appellant committed upon her had logical relevance apart from character conformity because it showed that R.M.'s allegations were less likely to be fabricated. The testimony was properly admitted to rebut the defense's theory of fabrication, and it also served to show Appellant's

course of conduct, motive, and intent. We cannot say that the trial court abused its discretion when it overruled Appellant's Rule 404(b) objection to the extraneous offense evidence and admitted the testimony. Appellant's second issue is overruled.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


December 5, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.