

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00149-CR

**BRUCE WILLIAMS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-50-C2**

## MEMORANDUM  OPINION

In two issues, appellant, Bruce Williams, challenges his conviction for sexual assault, a second-degree felony.  *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A), (f) (West 2011).  We affirm.

### I.    BACKGROUND

Appellant was charged with and pleaded guilty to the offense of sexual assault based on an incident that allegedly transpired on January 3, 2005.  *See id.*  In addition, appellant pleaded "true" to enhancement allegations and had the jury assess his

punishment. During the punishment hearing, the State introduced appellant's signed confession without objection. Additionally, the State called several witnesses, among which was Peggy Sheppard, R.N., the Sexual Assault Nurse Examiner ("SANE") who examined the victim, A.W., at the hospital where she sought treatment the night of the assault.[1] Nurse Sheppard performed a comprehensive-medical exam of A.W., which included "a head-to-toe exam of the person to make sure that they're not injured, hurt. If so, to get them medical attention and to collect evidence." During the exam, Nurse Sheppard observed that A.W. had a one centimeter by half centimeter tear in the bottom of the labia minora and took several swabs of A.W.'s mouth, vagina, and anus. Nurse Sheppard also took A.W.'s statements about how the injury was caused. According to Nurse Sheppard, A.W. recounted the following:

> Sitting in my friend's car—and she said Carol—cause he [appellant] wanted to talk to me. He said, let's take a little walk. He asked me to go to his house. I said, no. He grabbed my arm and pulled me, but it wasn't his house. It was a vacant house. We were in the kitchen and he kept on touching me. I told him to stop and he told me to shut up. He was going in my shorts and underwear and touching me on my vagina, his fingers in me. He took me to the living room and made me lay down. And pulled my shorts off and that's when he stuck his penis in me. He told me if I told anyone he'd have me banned from the trailer park.

Erin Casmus, a forensic scientist with the Texas Department of Public Safety in Waco, Texas, compared the swabs taken from A.W. to buccal swabs taken from appellant. Casmus confirmed that appellant's DNA was found inside A.W.'s vagina.

Clay Perry, formerly an investigator with the McLennan County Sheriff's Office, testified that he spoke with A.W. about the incident. Despite the fact that A.W.

---

[1] The record reflects that, at the time of the punishment hearing, A.W. was deceased.

described herself as having a mental deficiency, she was able to identify appellant as the perpetrator of the offense.  Investigator Perry then interviewed appellant.  During this interview, appellant confessed to raping A.W.  At the conclusion of the interview, appellant was allowed to leave while Investigator Perry sought a warrant for appellant's arrest.  Thereafter, appellant agreed to turn himself in; however, he did not show up as promised.  Appellant apparently absconded for six years until he was finally apprehended and extradited to McLennan County in September 2011.

At the conclusion of the punishment hearing, the jury sentenced appellant to eighty-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with an $8,000 fine.  This appeal followed.

## II.   A.W.'S STATEMENTS TO NURSE SHEPPARD

In his two issues on appeal, appellant complains that the trial court erred by admitting Nurse Sheppard's testimony about A.W.'s account of what happened that evening.  Specifically, appellant contends that the admission of A.W.'s hearsay account of the incident violated the Confrontation Clause of the United States Constitution and the Texas Rules of Evidence.

### A.   The Confrontation Clause

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. CONST. amend. VI.  This procedural guarantee applies to both federal and state prosecutions.  *Pointer v. Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 1067-68, 13 L. Ed. 2d 923 (1965); *De La Paz v. State*, 273

S.W.3d 671, 680 (Tex. Crim. App. 2008). Consistent with the Confrontation-Clause guarantee, a testimonial-hearsay statement may be admitted in evidence against a defendant "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1373-74, 158 L. Ed. 2d 177 (2004); *see De La Paz*, 273 S.W.3d at 680. "[T]he *Crawford* rule reflects the Framers' preferred mechanism (cross-examination) for ensuring that inaccurate out-of-court testimonial statements are not used to convict an accused." *Whorton v. Bockting*, 549 U.S. 406, 418, 127 S. Ct. 1173, 1182, 167 L. Ed. 2d 1 (2007); *De La Paz*, 273 S.W.3d at 680.

Essentially, the threshold question for possible Confrontation-Clause violations is whether a statement is testimonial or non-testimonial. *See Crawford*, 541 U.S. at 68, 124 S. Ct. at 1374. Whether a statement is testimonial or non-testimonial hinges on the primary purpose of the interrogation. *Michigan v. Bryant*, 131 S. Ct. 1143, 1156, 179 L. Ed. 2d 93 (2011). This is a relative inquiry that depends on the circumstances surrounding the statements. *Id.* "Generally speaking, a hearsay statement is 'testimonial' when the surrounding circumstances objectively indicate that the primary purpose of the interview or interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *De La Paz*, 273 S.W.3d at 680. However, when the primary purpose is something other than criminal investigation, "the Confrontation Clause does not require such statements to be subject to the crucible of cross-examination." *Id.* at 1157. Whether a statement is testimonial is a question of law. *De Le Paz*, 273 S.W.3d at 680; *see Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App.

2010). Moreover, we review de novo the trial court's ruling admitting evidence over a confrontation objection. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

Here, Nurse Sheppard testified that the purpose of the sexual-assault exam is to do a comprehensive "head-to-toe" exam of the person for injuries and to collect evidence. And according to Nurse Sheppard, as part of the exam, "a history of the assault" is taken. In other words, it is a necessary part of the sexual-assault exam to collect a history of the incident from the victim so that medical concerns can be addressed, evidence can be collected, and the examining medical professional can develop an appropriate plan of care.

In *Melendez-Diaz v. Massachusetts*, the United States Supreme Court stated that medical records, created for treatment purposes, are not "testimonial" in nature within the meaning of *Crawford*. 557 U.S. 305, 312, 129 S. Ct. 2527, 2533 n.2, 174 L. Ed. 2d 314 (2009); *see Berkley v. State*, 298 S.W.3d 712, 715 (Tex. App.—San Antonio 2009, pet. ref'd); *see also Perez v. State*, No. 14-11-01102-CR, 2013 Tex. App. LEXIS 1694, at **19-20 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013, no pet.) (mem. op., not designated for publication); *Trejo v. State*, No. 13-10-00374-CR, 2012 Tex. App. LEXIS 7352, at **4-9 (Tex. App.—Corpus Christi Aug. 30, 2012, pet. ref'd) (mem. op., not designated for publication); *Smith v. State*, No. 05-09-01408-CR, 2011 Tex. App. LEXIS 5990, at **4-7 (Tex. App.—Dallas Aug. 2, 2011, pet. ref'd) (mem. op., not designated for publication). We therefore conclude that the verbal history A.W. gave to Nurse Sheppard during the sexual-assault exam was necessary for medical treatment and, therefore, is not testimonial within the context of *Crawford*. *See Melendez-Diaz*, 557 U.S. at 312, 129 S. Ct.

at 2533 n.2; *Berkley*, 298 S.W.3d at 715; *see also Perez*, 2013 Tex. App. LEXIS 1694, at **19-20; *Trejo*, 2012 Tex. App. LEXIS 7352, at **4-9; *Smith*, 2011 Tex. App. LEXIS 5990, at **4-7. As such, we cannot say that the trial court erred in admitting Nurse Sheppard's testimony regarding A.W.'s statements over appellant's confrontation-clause objection. *See Langham*, 305 S.W.3d at 576; *De La Paz*, 273 S.W.3d at 680; *Wall*, 184 S.W.3d at 742.

**B.      The Texas Rules of Evidence**

In his second contention, appellant asserts that the trial court erred by admitting Nurse Sheppard's testimony about A.W.'s statements over his hearsay objection. We disagree.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). "Hearsay is not admissible except as provided by statute or these rules or by other rules prescribed pursuant to statutory authority." *Id.* at R. 802; *see Taylor v. State*, 268 S.W.3d 571, 578 (Tex. Crim. App. 2008). Texas Rule of Evidence 803(4) provides an exception for statements made for purposes of medical diagnosis or treatment. TEX. R. EVID. 803(4); *Taylor*, 268 S.W.3d at 579. Specifically, rule 803(4) provides that:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> . . . .

> **(4) Statements for Purposes of Medical Diagnosis or Treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

TEX. R. EVID. 803(4) (emphasis in original). The Austin Court of Appeals has explained that: "The medical treatment exception to the hearsay rule is based on the assumption that the patient appreciates that the effectiveness of the treatment may depend on the accuracy of the information provided to the physician." *Fleming v. State*, 819 S.W.2d 237, 247 (Tex. App.—Austin 1991, pet. ref'd) (citing MCCORMICK ON EVIDENCE § 292 (Edward Cleary, ed., 3d ed. 1984)).

As noted above, A.W.'s statements regarding the incident were necessary for purposes of medical diagnosis and treatment. Nurse Sheppard explained that the sexual-assault exam is designed to ascertain whether the victim has been sexually abused, whether further medical attention is needed, and to collect evidence. *See Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd) ("The object of a sexual assault exam is to ascertain whether the child has been sexually abused and to determine whether further medical attention is needed. Thus, statements describing the acts of sexual abuse are pertinent to the victim's medical diagnosis and treatment." (citing *Turner v. State*, 924 S.W.2d 180, 182 (Tex. App.—Eastland 1996, pet. ref'd); *Macias v. State*, 776 S.W.2d 255, 259 (Tex. App.—San Antonio 1989, pet. ref'd))); *see also Sosa v.*

*State*, No. 05-11-01294-CR, 2012 Tex. App. LEXIS 9807, at \*\*7-8 (Tex. App.—Dallas Nov. 28, 2012, no pet.) (mem. op., not designated for publication) (same). As such, we conclude that the statements made by A.W. to Nurse Sheppard regarding the assault fall within the hearsay exception provided under rule 803(4) and, thus, were admissible at trial. *See* TEX. R. EVID. 803(4); *Green v. State*, 191 S.W.3d 888, 896 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Beheler*, 3 S.W.3d at 189; *Turner*, 924 S.W.2d at 182; *Macias*, 776 S.W.2d at 259; *see also Torres v. State*, 807 S.W.2d 884, 886-87 (Tex. App.—Corpus Christi 1991, pet. ref'd) (concluding that an emergency-room nurse could testify under rule 803(4) about the victim's answers to questions asked during an examination and collection of samples for a "rape kit"). Accordingly, we cannot say that the trial court abused its discretion by admitting Nurse Sheppard's testimony about A.W.'s statements regarding the incident. *See McDonald*, 179 S.W.3d at 576.

Based on the foregoing, we overrule appellant's issues on appeal.

### III.    CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 6, 2014
Do not publish
[CRPM]